```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

JAMIE WINSLOW,                  :
                                :
     Plaintiff                  :
                                :
v.                              :   Case No. 3:14-cv-167(RNC)
                                :
TLC EAST, LLC,                  :
                                :
     Defendant.                 :
```

### RULING AND ORDER

Plaintiff Jamie Winslow brought this action in state court against her former employer, defendant TLC East, LLC ("TLC East"), claiming her employment was terminated in retaliation for engaging in protected conduct. Defendant removed the case based on diversity jurisdiction. Count one, which alleges that plaintiff was discharged because she filed a workers' compensation claim, was remanded to state court, where summary judgment has since entered in favor of the defendant. See Winslow v. TLC East, LLC, No. KNL-CV11-6007229S, Mem. of Decision Re: Def.'s Mot. for Summ. J. (Conn. Super. Ct. Oct. 29, 2015)("Superior Court Decision"). Pending is defendant's motion for summary judgment on count two, which alleges a common law claim of wrongful discharge in violation of public policy, and count three, which alleges a free speech claim under Conn. Gen. Stat. § 31-51q. Defendant argues that the wrongful discharge claim is precluded because of available statutory remedies. Defendant argues that the free speech claim fails because, among

1

other things, plaintiff's speech did not address a matter of public concern. I agree with the defendant's arguments on these points and therefore grant the motion for summary judgment.[1]

I. Background

The evidence in the record, viewed most favorably to the plaintiff, shows the following. Defendant operates the Applebee's Neighborhood Grill & Bar in Groton. Def.'s Local Rule 56(a)(1) Statement (ECF No. 42) ¶ 1; Pl.'s Local Rule 56(a)(2) Statement (ECF No. 48) ¶ 1. Plaintiff worked as a server there from December 15, 2003 to September 20, 2005, and again from April 29, 2008 to August 13, 2010. Def.'s Local Rule 56(a)(1) Statement (ECF No. 42) ¶¶ 2-3; Pl.'s Local Rule 56(a)(2) Statement (ECF No. 48) ¶¶ 2-3.

On March 2, 2010, plaintiff burned her left hand and forearm with hot coffee after using the coffee maker at the restaurant. Pl.'s Dep. (ECF No. 49-2) at 22:14-24. According to her account of the incident, she "had grounds that were burnt through [her] skin, stuck through [her] skin, all over [her]." Id. at 16:16-17. One of the managers brought a first aid kit but it was empty. To ease the plaintiff's pain, the manager "dumped vanilla

---

[1] In granting summary judgment on the claim in count one, the state court held that plaintiff had failed to raise a triable issue of fact with regard to "the credibility of the legitimate, nondiscriminatory reasons offered [by] the defendant for terminating the plaintiff's employment." Superior Court Decision at 18.

extract on [her] arm." Id. at 17:1-3.  Plaintiff said she needed to go the hospital but a different manager said she had to take a drug test.  Id. at 17:8-12.  Plaintiff agreed to take the test, not realizing the manager wanted to do the test right away.  Id. at 17:10-18.  When the manager returned with the test kit, plaintiff refused to be tested, stating, "I'm in f***ing pain." Id. at 17:24-25.  Prior to this incident, plaintiff had been written up "once, maybe" for arguing with a manager.  Id. at 23:16-25, 24:1-20.  Plaintiff has no knowledge that the coffee maker, or any other equipment at the restaurant was defective.  Def.'s Local Rule 56(a)(1) Statement (ECF No. 42) ¶¶ 33-34, 37; Pl.'s Local Rule 56(a)(2) Statement (ECF No. 48) ¶¶ 33-34, 37.

After the incident, plaintiff called defendant's human resources office and reported that she had been treated unfairly.  She stated that she was "not taken care of at all," although she was "in excruciating pain."  Pl.'s Dep. (ECF No. 49-2) at 15:19-25.  Plaintiff subsequently filed a complaint with the Occupational Safety and Health Administration ("OSHA").  Def.'s Local Rule 56(a)(1) Statement (ECF No. 42) ¶ 31; Pl.'s Local Rule 56(a)(2) Statement (ECF No. 48) ¶ 31.  OSHA made the following findings:

> 1. On or about march [sic] 2nd an employee received first and second degree burns.  No first aid was immediately provided. . . . The employee was made to wait for a drug test prior to being allowed to go to the hospital.
>
> 2. No emergency response procedures were in place.  Managers

3

attempted medical procedures making the situation worse off. OSHA Safety Narrative (ECF No. 49-4). On April 19, 2010, OSHA issued a Citation and Notification of Penalty assessing a fine of $7,500. OSHA Citation and Notification of Penalty (ECF No. 49-5). The Citation and Notice of Penalty required abatement of the cited violations by June 4, 2010. Id.

Following her complaint to OSHA, plaintiff began to experience changes in her work schedule, often resulting in a reduction or change of hours that made it difficult for her to arrange child care. Pl.'s Dep. (ECF No. 49-2) at 181:11-19. On July 31, 2010, plaintiff got into a verbal altercation with a coworker, leading to her suspension on August 5, 2010. After investigating the incident, defendant terminated plaintiff's employment on August 13, 2010.

## II. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). This standard is met when the evidence in the record, viewed most favorably to the non-movant, would not permit a jury to return a verdict in favor of the non-movant. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If "little or no evidence may be found in support of the

nonmoving party's case," there is no genuine issue of material fact and summary judgment may be appropriate.  Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1223–24 (2d Cir. 1994).

III. Discussion

    A. Count Two

Connecticut recognizes a common law cause of action for wrongful discharge in violation of public policy.  See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474-78 (1980).  Plaintiff can prevail on this claim only if her discharge contravened a clear mandate of public policy, id. at 474, and she is "otherwise without remedy and [] permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated."  Burnham v. Karl and Gelb, P.C., 252 Conn. 153, 159-60 (2000).

Plaintiff claims that the defendant unlawfully terminated her employment after she reported "the defective condition of its restaurant equipment to OSHA resulting in $7,500.00 in fines."  Compl. (ECF No. 1-2) ¶ 6.  Defendant argues that plaintiff's claim must be dismissed because she is not "otherwise without [a] remedy."  Defendant points to three statutes:  29 U.S.C. § 660(c)(2), which provides a cause of action to an employee who is

discharged in violation of OSHA;[2] Conn. Gen. Stat. § 31-51m(b), which provides a cause of action to an employee who is discharged for disclosing an employer's violation of any state or federal statute or regulation;[3] and Conn. Gen. Stat. § 31-379(b), which provides a cause of action to an employee who is discharged in violation of the provisions of Connecticut's OSHA.[4]

---

[2] "Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay."  29 U.S.C. § 660(c)(2).

[3] "No employer shall discharge, discipline or otherwise penalize any employee because (1) the employee, or a person acting on behalf of the employee, reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body, (2) because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action, . . . No municipal employer shall discharge, discipline or otherwise penalize any employee because the employee, or a person acting on behalf of the employee, reports, verbally or in writing, to a public body concerning the unethical practices, mismanagement or abuse of authority by such employer. The provisions of this subsection shall not be applicable when the employee knows that such report is false."  Conn. Gen. Stat. § 31-51m(b).

[4] "Any employee who believes that such employee has been discharged, disciplined, penalized or otherwise discriminated against by any person in violation of subsection (a) of this

The existence of these statutory remedies precludes plaintiff's wrongful termination claim, even if she has no recourse under the statutory remedies at this time. See, e.g., Burnham, 252 Conn. at 161 (plaintiff could not maintain wrongful termination claim because of the statutory remedy provided by § 31-51m, even though she could not proceed because she had not complained to a public body); Pickering v. Aspen Dental Mgmt., Inc., 100 Conn. App. 793, 799 (2007) (wrongful termination claim barred by whistleblower statute even though the statute of limitations had run); Campbell v. Town of Plymouth, 74 Conn. App. 67, 74-76 (2002) (even though plaintiff was barred from using the whistleblower statute due to the statute of limitations, the wrongful termination claim was preempted because "[s]ection 31-51-m . . . provides the exclusive remedy for [employees terminated for whistleblowing] and precludes any common-law actions in either tort or contract").

B. Count Three

To prevail on her free speech claim under § 31-51q, plaintiff must prove that she engaged in constitutionally protected activity and was terminated for doing so. See Winik-Nystrup v. Mfrs. Life Ins. Co., 8 F. Supp. 2d 157, 160 (D. Conn.

---

section may, not later than one hundred eighty days after such violation occurs, file a complaint with the commissioner alleging such violation.  Upon receipt of such complaint the commissioner shall hold a hearing in accordance with the provisions of chapter 54."  Conn. Gen. Stat. § 31-379(b).

1998).  Plaintiff contends that her complaint to OSHA constituted protected activity and led to her termination.  Compl. (ECF No. 1-2) ¶ 11.  Defendant argues that the OSHA complaint did not address a matter of public concern and, in any event, was not a substantial or motivating factor in the termination.  Def.'s Mem. in Supp. of Summ. J. (ECF No. 41-1) at 11.  Defendant further argues that a jury would have to find that it had a legitimate reason for the termination and the reason was not false or pretextual.  Id. at 14-16.  I agree that the OSHA complaint did not address a matter of public concern and grant the defendant's motion on this basis.   Speech involves a matter of public concern if it "relat[es] to any matter of political, social, or other concern to the community." Connick v. Myers, 461 U.S. 137, 146 (1983).  "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Id. at 147-48.  In an employment case involving a grievance, "[t]he heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (quoting Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999)).

 Plaintiff's OSHA complaint states that she was burned by coffee grounds and hot water when she reached to empty a basket.

OSHA Compl. (ECF No. 42-1) at 1.  The complaint describes the restaurant's response to her injury: one of her managers treated her with vanilla extract and another told her she had to take a drug test before going to the hospital.  Id. at 1-2.  The complaint expresses concern that the restaurant "has many safety violations," id. at 2, but provides no additional information in this regard.  The complaint concludes with the following request: "Any help you can provide me would be greatly appreciated."

Plaintiff submitted her complaint to OSHA soon after she complained to defendant's human resources office that she had been treated unfairly when she was in pain.  Plaintiff has testified that she complained to management because she "felt it was important –- just to make sure that something along those lines didn't happen to anybody else."  Pl.'s Dep. (ECF No. 49-2) at 16:2-4.

Viewing the record in the light most favorable to plaintiff, the OSHA complaint does not involve a matter of public concern.  Though it touches on a topic of general importance -- workplace safety -- it concerns only the conditions of plaintiff's employment.  The complaint describes a simple accident that occurred when plaintiff reached to empty a basket.  It makes no reference to other employees being injured by the coffee maker or other equipment.  Nor does it make any reference to other employees receiving inadequate medical treatment.  And

9

although it expresses a general concern that unspecified safety violations were increasing at the restaurant, it does not request that the agency investigate and rectify any safety violations. Instead, plaintiff requested help with her own situation. Given the content, form and context of the complaint, a jury could not reasonably find that it addressed a matter of public concern. See Ezekwo v. N.Y.C. Health & Hosps. Corp., 940 F.2d 775, 781 (2d Cir. 1991) (speech that primarily concerns an issue that is "personal in nature and generally related to [the speaker's] own situation" does not address matters of public concern).[5]

IV. Conclusion

The motion for summary judgment is granted. The Clerk may enter judgment and close the file.

So ordered this 31st day of March 2017.

                                            _____/s/_____
                                               Robert N. Chatigny
                                        United States District Judge

---

[5] As noted earlier, the state court granted summary judgment on the first count of plaintiff's complaint on the ground that she could not prove that the defendant's proffered reason for the termination was pretextual. Though I do not discuss that issue, I have reviewed the entire record and believe the state court's conclusion is correct. Accordingly, even if I thought the OSHA complaint involved a matter of public concern, I would grant the defendants' motion for summary judgment.